UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL WELPMAN and LADYE WELPMAN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, JEFF REED INSURANCE AGENCY, INC., a Washington corporation, and JEFFREY E. REED and his marital community,<br><br>Defendants. | CASE NO. C11-5371 RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the court on Plaintiffs' Motion for Partial Summary Judgment. Dkt. 23. The court has considered the relevant record and the remainder of the file herein.

PROCEDURAL HISTORY

On January 25, 2011, plaintiffs Michael Welpman and Ladye Welpman (the Welpmans) filed a civil action in Kitsap County Superior Court against State Farm Fire and Casualty Company (State Farm); and Jeff Reed insurance Agency, Inc. and Jeffrey E. Reed and his marital

1  community (Mr. Reed). Dkt. 1-2, at 2. The complaint asserts claims for breach of contract,
2  violation of the Washington Consumer Protection Act (CPA), RCW 19.86, et seq.; bad faith;
3  negligence; and the Washington Insurance Fair Conduct Act (IFCA), RCW 48.30, et seq.
4  Plaintiffs request a declaratory judgment and damages.
5        On May 13, 2011, defendants removed the case to federal court on the basis of diversity
6  jurisdiction, pursuant to 28 U.S.C. § 1441. Dkt. 1, at 1.

<p align="center">MOTION FOR SUMMARY JUDGMENT</p>

8        On March 13, 2012, plaintiffs filed a Motion for Partial Summary Judgment, requesting
9  that summary judgment be entered in their favor on the claims for negligence, violation of the
10 CPA, and violation of the IFCA. Dkt. 23. Plaintiffs request that the court determine that they
11 are entitled to benefits pursuant to a homeowners policy, actual damages, treble damages,
12 attorneys' fees, costs, and expert witness fees. Dkt. 23, at 2. The claims for breach of contract
13 and bad faith are not at issue in this motion.
14       On April 2, 2012, defendants filed a response, contending that (1) there are issues of fact
15 as to whether plaintiffs requested that the Heron Ridge Rental Dwelling policy be changed to a
16 Homeowners policy; (2) plaintiffs have not shown that they may pursue claims against Jeff Reed
17 and his wife when these defendants had no personal involvement in plaintiffs' policy changes;
18 (3) plaintiffs' CPA claims against Jeff Reed Ins. Agency, Inc. were not pled in the complaint,
19 and binders and copies of the policies were provided to plaintiffs; (4) State Farm's investigation
20 was done promptly and communicated to plaintiffs' counsel on the day the decision was made;
21 and (5) plaintiffs cannot establish a violation of the Washington Administrative Code or the CPA
22 because State Farm did not receive any personal property inventory or documentation of lost
23 rental income before this litigation commenced. Dkt. 31.
24

ORDER ON PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT- 2

1    On April 6, 2012, plaintiffs filed a reply, maintaining that Jeff Reed and his marital
2 community are proper parties in this community property state; Ms. Amelsberg's lack of recall
3 and attempts to impeach her credibility are not sufficient to create an issue of fact; the CPA
4 claim was included in the complaint; Mr. Reed failed to comply with WAC 284-30-560(1)(d) by
5 failing to provide plaintiffs with a copy of the insurance application; State Farm's investigation
6 was untimely because it was not completed within 30 days; State Farm failed to comply with the
7 IFCA because it did not implement reasonable standards for the investigation; State Farm failed
8 to process the proof of loss; State Farm concealed the facts from plaintiffs before this litigation
9 was commenced; and State Farm violated the law by denying plaintiffs benefits under their
10 insurance policy. Dkt. 36.

11                                    UNDISPUTED FACTS

12    In 2002, the Welpmans purchased a Homeowners policy from State Farm to cover their
13 residence on Heron Ridge Avenue in Port Orchard, Washington (Heron Ridge property). The
14 Welpmans lived in the Heron Ridge property until 2008.

15    From 2002 through 2010, the Welpmans purchased several residential properties for the
16 purpose of generating rental income. They insured several properties through State Farm, and
17 Mr. Reed.

18    In April of 2008, the Welpmans moved from the Heron Ridge Property to a newly
19 constructed house in Seabeck, Washington (Seabeck property). State Farm insured the Seabeck
20 property through State Farm, and Mr. Reed, under a Homeowners policy. The Welpmans rented
21 out the Heron Ridge property, and applied to convert the Homeowners policy to a Rental
22 Dwelling Unit policy.

On January 15, 2009, the policy covering the Heron Ridge property was converted from a Homeowners policy to a Rental Dwelling Unit policy. Since that time, the Heron Ridge property has been covered by a Rental Dwelling Unit policy, not a Homeowners policy.

In the Spring of 2009, the Welpmans were facing financial pressure. On July 4, 2009, the Welpmans moved back to the Heron Ridge property. Because they had lost their interest in all of the rental properties except for one in Bremerton at the time of their move back to the Heron Ridge property, State Farm was providing coverage only to the Bremerton rental property and to the Heron Ridge property.

On October 2, 2009, the Bremerton rental property coverage was canceled by State Farm for nonpayment. The Heron Ridge property continued to be insured pursuant to a Rental Dwelling Unit policy.

On January 15, 2010, the Rental Dwelling Unit policy covering the Heron Ridge property was renewed for the next year. The provisions of the Rental Dwelling Unit policy covered the dwelling for losses up to $211,500; personal property up to $31,725, and loss of rents for "Actual Loss', which is limited to no more than a 12 month period.

On January 30, 2010, a fire damaged the Heron Ridge home and personal belongings. That day, the Welpmans telephoned State Farm to notify the company of the damage done to the Heron Ridge property.

On February 1, 2010, State Farm mailed the Welpmans a letter acknowledging receipt of the claim. State Farm assigned investigation of the claim to Ty Holland. On February 2, 2010, Mr. Holland went through the Heron Ridge house; arranged for mitigation at the site, began looking into the cause of the fire; and started working on an estimate for the damage to the

1  dwelling. Dkt. 31-1, at 73-74. Mr. Holland took recorded statements of plaintiffs, Mr. Reed,
2  Ms. Amelsberg, and another Reed Agency employee, Marissa Schafer.
3       On April 16, 2010, the Agency Commitment Report was completed; and State Farm
4  submitted a letter to the Welpmans' attorney that stated that the investigation had been
5  completed and that State Farm would continue to handle the claim under the Rental Dwelling
6  Policy that was effective on the date of loss. Dkt. 31-1, at 48-50; Dkt. 32, at 3.
7       On December 29, 2010, State Farm informed the Welpmans' attorney that State Farm's
8  stance had not changed.

9  <center>DISPUTED FACTS</center>

10       On April 9, 2009, Melissa Amelsberg, of Mr. Reed's agency, spoke by telephone with
11  Mr. Welpman to discuss one of the rental homes insured by State Farm. Dkt. 24-1, at 8. Ms.
12  Amelsberg testified in her deposition that Mr. Welpman told her that "they were possibly
13  moving at some point." Dkt. 24-1, at 8. It was Ms. Amelsberg's understanding at that time that
14  plaintiffs were living in the Seabeck property home. Dkt. 24-1, at 8. In his declaration, Mr.
15  Welpman stated that he informed Ms. Amelsberg that one of the rental policies should be
16  canceled; and that they were considering moving into one of their other homes, most likely to
17  Heron Ridge. Dkt. 25, at 2. Ms. Amelsberg testified in her deposition that "[t]ypically in most
18  cases if somebody is going to tell me that they are thinking about moving, then I would say let
19  me know when you do move so we can make the appropriate changes." Dkt. 24-1, at 8. Ms.
20  Amelsberg testified that when a policyholder tells her that they are thinking about moving, her
21  procedure is as follows: "Well, if somebody is date specific, then I would start the process of the
22  change. If they're saying in general we're thinking about moving, I leave it in their court to
23  contact me when they do." Dkt. 24-1, at 11.
24

Mr. Welpman testified in his deposition that he contacted Mr. Reed's office in early June of 2009

> to tell her specifically that we have made a decision. We're moving back in. Told her when we were moving back into the Heron Ridge property. I think I told her that we were—that the renters were out, and that we were—I was moving slowly but moving over from Seabeck back into Heron Ridge. And that we were—that it was happening, and that we needed the records to reflect that it's now a homeowners. We're going to be living there. And the record needed to reflect that it's our primary residence.

Dkt. 31-1, at 105; Dkt. 24-2, at 3. Defendants contest Mr. Welpman's credibility, maintaining that his cell phone records do not show that a call was made to Jeff Reed's agency; that Mr. Welpman's memory about this conversation is faulty; and that Mr. Welpman's statement is not corroborated. Dkt. 31-1, at 105-106. During the State Farm investigation, Ms. Amelsberg stated that she did not recall any conversations regarding the move with Mr. Welpman after April of 2009. Dkt. 31-1, at 43.

On October 7, 2009, Ms. Amelsberg spoke with Ms. Welpman about the policy insuring one of the rental properties. Ms. Welpman told her to talk with Mr. Welpman about that. Mr. Welpman stated in his deposition that he received a call from Ms. Amelsberg and had a lengthy conversation with her. Mr. Welpman stated in his declaration as follows:

> And she was—she told me that it was for the purposes of getting the records up to date with regards to our existing policies. At that time I told her that we were—that we were living in the house. That we were there and, you know, wanted to make sure that the records reflect that. And she said that she would pass that on to Mr. Reed.

Dkt. 31-1, at 106. Defendants maintain that short call dealt with cancellation of the policy on the rental property. Dkt. 31-1, at 161 and 172.

Plaintiffs contend that, at the time of the fire, the house was covered by a Rental Dwelling Unit insurance contract; but that the policy should have been converted to a

Homeowners' policy before the fire. Plaintiffs maintain that, under a Homeowners policy, State Farm would have been obligated to pay to repair plaintiffs' house; compensate plaintiffs for damage to plaintiffs' personal property; and pay for actual living expenses.

Regarding State Farm's investigation of the claim, plaintiffs contend that the investigation was self serving; and that the investigation took an unreasonably long time, 76 days. Mr. Holland stated in his declaration that the decision was not self serving, and considered all relevant factors. Dkt. 32, at 5-6. Mr. Holland maintained that, given the things that were required to be included in the investigation, the time the investigation took was reasonable. See Dkt. 32, at 4-5.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

*Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

**1. Negligence**

Plaintiffs contend that Mr. Reed and or his agency (1) failed to take action to change the Welpmans' policy from a Rental Dwelling Unit Policy to a Homeowners' policy, even though they were informed in April of 2009 that plaintiffs were considering moving; in June of 2009 that they were in the process of moving; and in October of 2009 that they had moved back to the Heron Ridge property; and (2) failed to follow plaintiffs' instructions to change the Heron Ridge property to a Homeowners policy. Plaintiffs further contend that Mr. Reed breached his duty to exercise reasonable skill, care and diligence in effecting insurance because State Farm relied on the issuance of the rental policy to deny plaintiffs coverage under a homeowners policy.

Defendants maintain that there are issues of fact as to whether plaintiffs requested that the Heron Ridge Rental Dwelling policy be changed to a Homeowners policy; and that plaintiffs have not shown that they may pursue claims against Jeff Reed and his wife when these defendants had no personal involvement in plaintiffs' policy changes.

In an action for negligence a plaintiff must prove four basic elements: (1) the existence of a duty; (2) breach of that duty; (3) resulting injury; and (4) proximate cause. *Degel v. Majestic Mobile Manor, Inc.*, 129 W.2d 43, 48 (1996). An insurance agent owes a duty to exercise reasonable skill, care and diligence in effecting insurance. *Isaacson v. DeMartin Agency, Inc.*, 77 Wn.App. 875, 882 (1995); *Hardcastle v. Greenwood Sav. & Loan Ass'n*, 9 Wn.App. 884, 887 (1973). Fundamental to the insurance agent's duty is the responsibility to act in good faith and to carry out instructions. *AAS-DMP Management, L.P. Liquidating Trust v. Acordia Northwest*, Inc. 115 Wn.App. 833, 839 (2003); Shows v. Pemberton, 73 Wn.App. 107, 114 (1994); *Hardt v. Brink*, 192 F.Supp. 879 (W.D. Wash. 1961); 16A J. Appleman, *Insurance* § 8836, at 64 (1981).

In this case, Mr. Reed and/or his agency owed a duty to exercise reasonable skill, care and diligence in effecting insurance. However, there are multiple issues of fact as to whether and when plaintiffs may have requested that the Rental Dwelling Unit policy on the Heron Ridge property be changed to a Homeowners policy. There are issues of fact as to whether the duty was breached. There are issues of fact as to whether Mr. Reed and/or his agency were liable, under an agency theory, for any errors on the party of Ms. Amelsberg; or whether they are liable for negligence in supervising Ms. Amelsberg. Plaintiffs have failed to show that there no disputed material facts, and that they are entitled to judgment as a matter of law on their claim for negligence. To the extent defendants argue that Mr. Reed's marital community is not liable

for any Mr. Reed's acts, liability would turn on whether the tortuous act was committed in the management of community property or for the benefit of the marital community. *See Bergman v. State*, 187 Wn. 622, 626 (1936).

### 2. Violation of the CPA

*Copy of Applications*. Plaintiffs first contend that Jeff Reed and Jeff Reed Insurance Agency, Inc. violated the CPA by failing to require a copy of the insurance application to be delivered or mailed to plaintiffs, as is required by WAC 284-30-560(1)(d). Plaintiffs contend Mr. Reed did not deliver or mail to plaintiffs any application, on any policy. As a result, plaintiffs claim that they did not have the opportunity to verify that their instructions were being followed, to review the applications, to check the applications for accuracy, and to alert their insurance agent as to errors contained in the application. Plaintiffs further claim that State Farm is bound by Mr. Reed's mistakes because he was acting as an agent of State Farm, within the scope of his authority.

In their response, defendants maintain that this claim is not properly before the court because it was not pled in the complaint nor identified in discovery responses; and that, in any event, plaintiffs cannot establish any harm or damages by not receiving their applications. Further, defendants contend that no applications were required to convert a Homeowners policy to a Rental Dwelling Unit policy. Defendants maintain that State Farm provided binders, which included pertinent portions of the applications, and those binders were replaced when the carrier sent declarations pages and renewal certificates for new and renewing policies containing all of their pertinent policy information.

In their reply, plaintiffs contend that this claim was included in the complaint; that plaintiffs were not provided with a copy of their application; and that they could have avoided a coverage dispute and litigation had a copy of the application been given to them.

A review of the record shows that there are issues of fact as to whether an application was required to convert a Homeowners policy to a Rental Dwelling Unit policy (see Dkt. 33, Declaration of Charles L. Schaller II); and whether plaintiffs sustained harm/damage from the alleged failure.

*Investigation and Handling of Plaintiffs' Claim.*   Plaintiffs claim that State Farm committed the following unfair or deceptive acts under the Washington Administrative Code: (1) WAC 284-30-370 (requiring insurer to complete investigation of a claim within thirty days of notification of the claim, unless such investigation cannot reasonably be completed within such time); (2)  WAC 284-30-330(3)(failing to adopt and implement reasonable standards for prompt investigation of claims arising under insurance policies) ; (3) WAC 284-30-330(2)(failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies); (3) WAC 284-30-330(5)(failing to  affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted); (4) WAC 284.30-330(1)(misrepresenting pertinent facts or insurance policy provisions; (5) WAC 284-30-330(13)(failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; (6) WAC 284-30-330(4)(refusing to pay claims without conducting a reasonable investigation; and (7) WAC 284-30-330(7)(compelling a first party claimant to initiate or submit to litigation to recover amounts due under an insurance policy by offering

1  substantially less than the amounts ultimately recovered in such actions or proceedings). Dkt. 23,
2  at 13-24.
3        In their response, defendants maintain that State Farm did not unreasonably deny
4  coverage and that the company acted reasonably in its claims handling.  Dkt. 31.
5        In their reply, plaintiffs contend that the investigation was not completed within 30 days,
6  and was therefore untimely.  Dkt. 36, at 7.
7        The Washington Insurance Code governs the regulation of insurance and does not itself
8  provide protection or remedies for individual interests. *Pain Diagnostics and Rehabilitation*
9  *Associates, P.S. v. Brockman*, 97 Wn.App. 691, 697 (1999). "Instead, private causes of action for
10  violations of the insurance statutes and regulations must be brought under the CPA." *Id.*, 697-98.
11  *accord Escalante v. Sentry Ins.*, 49 Wn.App. 375, 388 (1987), *review denied*, 109 Wn.2d 105
12  (1988).
13        The CPA prohibits "unfair methods of competition and unfair or deceptive acts or
14  practices in the conduct of any trade or commerce." RCW 19.86.020. To prove a violation of the
15  CPA, the claimant must show: (1) an unfair or deceptive act; (2) the act occurred in the conduct
16  of trade or commerce; (3) the act has an impact on the public interest; (4) injury to the claimant;
17  and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d
18  778, 790 (1986).
19        The record shows that there are issues of fact as to whether State Farm acted reasonably
20  when the company denied coverage under a Homeowners policy, and whether State Farm acted
21  reasonably in its claims handling process.  Those are issues for the trier of fact.  Plaintiffs have
22  not met their burden to show that there are no material issues of fact and that they are entitled to
23
24

ORDER ON PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT- 12

judgment as a matter of law on the CPA claim against State Farm, as to the investigation and decision on plaintiffs' claim.

**3. Violation of the IFCA**

Plaintiffs contend that State Farm violated numerous administrative regulations in handling plaintiffs' claim and in failing to pay benefits. As a result, they request that State Farm's bad faith conduct warrants treble damages under RCW 48.30.015(2), (3) and (5).

Defendants contend that State Farm did not unreasonably deny coverage and acted reasonably in its claim handling. Dkt. 31.

In their reply, plaintiffs argue that if State Farm had implemented reasonable standards for prompt investigation, Mr. Holland would have completed the investigation within 30 days; that State Farm has no defense to its failure to process the proof of loss; that State Farm concealed adverse facts from plaintiffs before this litigation was commenced; and that State Farm violated the law in denying plaintiffs' claims and forcing plaintiffs to submit to litigation. Dkt. 36.

The Insurance Fair Conduct Act (IFCA), RCW 48.30.015, provides as follows:

> (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

The IFCA further provides that a court "may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated [certain insurance regulations], increase the total award of damages to an amount not to exceed three times the actual damages." RCW 48.30.015(2). A court "shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in

subsection (5) of this section, award reasonable attorney's fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action." RCW 48.30.015(3).

The statute provides a list of violations that give rise to treble damages or to an award of attorney's fees and costs. This list includes violations of WAC 284-30-330, 350, 360, 370, and 380. RCW 48.30.015(5).

Although violations of the enumerated regulations provide grounds for trebling damages or for an award of attorney's fees; they do not, on their own, provide an IFCA cause of action absent an unreasonable denial of coverage or payment of benefits. See *Weinstein & Riley, P.S. v. Westport Ins. Corp.*, No. C08-1694 JLR, 2011 WL 887552 (W.D. Wash. March 14, 2011); *Travelers Indem. Co. v. Bronsink*, No.C08-1524 JLR, 2010 WL 148366 (W.D. Wash. Jan 12, 2010); *Lease Crutcher Lewis WA, LLC v. Nat. Union Fire Ins. Co. of Pittsburgh, PA*, No. C08-1862 RSL, 2010 WL 4272453 (W.D. Wash. Oct.15, 2010).

The record shows that there are issues of fact as to whether State Farm acted reasonably when the company denied coverage under a Homeowners policy, and whether State Farm acted reasonably in its claims handling process. Those are issues for the trier of fact. Plaintiffs have not met their burden to show that there are no material issues of fact and that they are entitled to judgment as a matter of law on the IFCA claim against State Farm, as to the investigation and decision on plaintiffs' claim.

**4. Conclusion**

A review of the record shows that there are issues of fact regarding the issues raised in this motion for partial summary judgment. Plaintiffs' motion for partial summary judgment should be denied.

1 | Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion for Partial Summary
2 | Judgment (Dkt. 23) is **DENIED**.
3 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and
4 | to any party appearing *pro se* at said party's last known address.
5 | Dated this 11th day of April, 2012.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge